UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BENTON BARNES,

              Plaintiff,

   v.

SBU,

              Defendant.

CASE NO. 3:20-cv-06086-TSZ-JRC

ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") and proposed complaint. Dkts. 1, 4.

Under 28 U.S.C. § 1915A, the Court must screen the proposed complaint to determine whether it should be dismissed for, among other things, failing to state a claim upon which relief can be granted or seeking monetary relief from a defendant who is immune from such relief. Here, plaintiff's proposed complaint is subject to dismissal for failure to state a claim upon which relief can be granted, as explained in this Order.

1 However, the Court will offer plaintiff an opportunity to amend the proposed complaint
2 to correct the deficiencies identified herein. If plaintiff fails to respond to this Order on or before
3 **December 18, 2020**, or if plaintiff fails to correct the deficiencies identified herein, the
4 undersigned will recommend dismissal of this matter.

5 The Court declines to rule on plaintiff's motion to proceed IFP at present. Plaintiff
6 should be aware that even if the Court grants the request to proceed IFP, plaintiff will still have
7 to pay the filing fee. *See* 28 U.S.C. § 1915(b). Permission to proceed IFP is permission to
8 proceed under the payment plan set forth in 28 U.S.C. § 1915(b), not a waiver of the filing fee in
9 its entirety. The Court prefers to defer a ruling on plaintiff's IFP motion until plaintiff has
10 provided a viable proposed complaint.

## DISCUSSION

12 Plaintiff is incarcerated at Stafford Creek Corrections Center. Dkt. 1-1, at 2. Plaintiff
13 states the following, "I am a transgender and I am very uncomfortable with Mrs. Brown," who
14 "does not like transgender or sex offender [sic]." Dkt. 1-1, at 4. Plaintiff states that "Mrs.
15 Brown" is prejudiced against transgendered individuals and sex offenders. Dkt. 1-1, at 5.
16 Plaintiff claims to have suffered dirty looks and to feel uncomfortable around Mrs. Brown. Dkt.
17 1-1, at 5. Plaintiff also describes health issue making it difficult to walk to a building. Dkt. 1-1,
18 at 4. Plaintiff seeks to have "Mrs. Brown" transferred and prohibited from working in prisons
19 where transgendered individuals or sex offenders are present, as well as plaintiff's immediate
20 release from prison and $950,000 in damages. Dkt. 1-1, at 6.
21 The Court interprets plaintiff's proposed complaint as seeking to proceed under 42
22 U.S.C. § 1983. That statute forbids a "person" acting "under color of" state law from

"subject[ing], or caus[ing] to be subjected" another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws[.]"

Plaintiff's proposed complaint is deficient in several respects, discussed below.

First, plaintiff has not provided sufficient factual allegations to identify a "person" who can be sued under 42 U.S.C. § 1983. Plaintiff names "SBU" as the only defendant—but it is unclear whether "SBU" is a part of the Department of Corrections or a private organization that works with the Department of Corrections. Plaintiff should be aware that the Department of Corrections is not generally subject to suit under § 1983 because a state agency is not a "person" for § 1983 purposes. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). And if plaintiff wishes to sue a private organization, plaintiff must explain how that organization is acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Similarly, although plaintiff does not appear to name "Mrs. Brown" as a defendant, the Court presumes that plaintiff does, in fact, intend to bring claims against her. If plaintiff wishes to sue "Mrs. Brown" herself, plaintiff must name "Mrs. Brown" as a defendant and provide sufficient information from which the Court could identify and direct service on "Mrs. Brown."

Plaintiff should also explain how "Mrs. Brown" was acting under color of state law—for instance, as an employee of the Department of Corrections. If "Mrs. Brown" is a state employee or official, plaintiff should be aware that she cannot be sued in her official capacity for damages under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). *But see Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (allowing suits against state officials in their official capacities for *injunctive* relief). If Mrs. Brown is a state employee and plaintiff sues Mrs. Brown in her personal capacity, however, plaintiff may

1  bring suit for damages. In that circumstance, plaintiff must explain how Mrs. Brown "caused"

2  the alleged constitutional deprivation within the meaning of § 1983. *See Preschooler II v. Clark*

3  *Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d

4  740, 743 (9th Cir. 1978)) ("A person deprives another of a constitutional right, 'within the

5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or

6  omits to perform an act which he is legally required to do that causes the deprivation of which

7  complaint is made.'"); *see also Tower v. Glover*, 467 U.S. 914, 920 (1984) (explaining when a

8  private person is acting under color of state law).

9        Second, plaintiff must identify the constitutional violation(s) that plaintiff is alleging

10  occurred. It is unclear to the Court what constitutional rights plaintiff believes were violated. If

11  plaintiff seeks to bring a claim of cruel and unusual punishment, plaintiff must meet two

12  requirements:

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'. . .
>
> The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

18  *Farmer v. Brennan*, 511 U.S. 834, 832 (1994) (citations omitted). Plaintiff should provide

19  particularized factual allegations explaining how the named defendant(s) violated the applicable

20  portion(s) of the U.S. Constitution or other relevant law.

21        Third, plaintiff cannot obtain the remedy of release from prison as a result of this lawsuit.

22  Where a state court prisoner seeks release from prison, the prisoner must proceed by way of writ

23  of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff should be aware that

24

a writ of habeas corpus under 28 U.S.C. § 2254 is the means for challenging the validity of a conviction or sentence—but not a means of vindicating claims related to the conditions of confinement (for instance, that someone has inflicted cruel and unusual punishment).

**II. Conclusion and Directions to Clerk and Plaintiff**

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a *signed and dated* amended complaint and within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) each constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *see also Farmer v. Brennan*, 511 U.S. 825 (1994) (setting forth the elements of a claim for violation of the Eighth Amendment).

If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in

1 itself, and all facts and causes of action alleged in the original complaint that are not alleged in
2 the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the
3 amended complaint to determine whether it contains factual allegations linking each defendant to
4 the alleged violations of plaintiff's rights.

5       If plaintiff fails to file an amended complaint or fails to adequately address the issues
6 raised herein on or before **December 18, 2020**, the undersigned will recommend dismissal of this
7 action without prejudice pursuant to 28 U.S.C. § 1915A.

8       The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
9 civil rights complaint. The Clerk is further directed to send copies of this Order and Pro Se
10 Instruction Sheet to plaintiff. And the Clerk's Office shall renote the motion to proceed *in forma*
11 *pauperis* (Dkt. 4) for December 18, 2020.

12       Dated this 18th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge